**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FREDERICK GILES, MARCUS JONES, and CRAIG RIDDLE,**<br><br>  Plaintiffs,<br>vs.<br><br>**SABERT CORPORATION**,<br><br>  Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

FREDERICK GILES, MARCUS JONES, and CRAIG RIDDLE (collectively "Plaintiffs"), through counsel, for their Complaint against Defendant, SABERT CORPORATION ("Defendant"), state:

**NATURE OF THE CASE**

1. This is an action to recover statutory damages and for injunctive relief arising out of unlawful collection, receipt, use, possession, retention and disclosure of the personal biometric identifiers and biometric information of Plaintiffs in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1 (2008).

**THE PARTIES**

2. Each Plaintiff is a natural person and is domiciled in Illinois.

3. Defendant, SABERT CORPORATION, is a New Jersey corporation with its principal place of business located at 2288 Main Street Extension, Sayreville, NJ 08872. Defendant is registered with the Illinois Secretary of State and conducts business in the State of Illinois.

**JURISDICTION AND VENUE**

1

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00[1] exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

5. Each Plaintiff is a citizen of Illinois.

6. Defendant is a corporation organized under the laws of New Jersey and is a citizen of New Jersey.

7. This Court has personal jurisdiction over Defendant because it conducts substantial business in Illinois and the acts or omissions which form the basis of this lawsuit occurred in Illinois.

8. Venue lies in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendant can be found in this District.

## RELEVANT FACTS

9. Defendant is a worldwide packaging and food service company that provides services in the United States, England, Belgium, Poland, and China.[2]

10. Defendant operates a facility located at 5490 W. Roosevelt Rd., Chicago, IL 60644 (the "Roosevelt Location").

11. Each of the Plaintiffs worked at the Defendant's Roosevelt Location.

12. When Plaintiffs were hired, they were required to enroll in Defendant's third party biometric system, using a scan of their fingerprint or hand geometry, so that a digital copy or mathematical template "based on" their fingerprint or hand geometry can be stored on a database with their associated identity information.

---

[1] Plaintiffs seek statutory, liquidated damages of $1,000 for each negligent violation of BIPA and $5,000 for each intentional or reckless violation of BIPA and allege that there were not less than 700 BIPA violations.

[2] https://sabert.com/about (last accessed 4/10/2024)

13. Defendant required Plaintiffs to scan their fingerprints or hand geometry using Defendant's time clock system at the start and conclusion of each working shift, while Plaintiffs performed worked at and for Defendant.

14. Plaintiff Frederick Giles ("Giles") worked at and for Defendant from September 2022 until February 27, 2023.

15. Defendant's time clock system scanned Giles's fingerprint or hand geometry no less than 200 times while he worked at and for the Defendant.

16. Plaintiff Marcus Jones ("Jones") worked at and for Defendant from January 19, 2023 until July 2023.

17. Defendant's time clock system scanned Jones's fingerprint or hand geometry no less than 180 times while he worked at and for the Defendant.

18. Plaintiff Craig Riddle ("Riddle") worked at and for Defendant from August 10, 2022, to January 9th, 2023.

19. Defendant's time clock system scanned Riddle's fingerprint or hand geometry no less than 170 times while he worked at and for the Defendant.

20. Each time Plaintiffs used the biometric time clock, their biometrics were scanned, analyzed, or otherwise converted into digital information that was transmitted to and compared with the database to find a matching copy or template.

21. Once a match was found, the Plaintiffs were identified or authenticated, and the time of the scan was recorded.

22. Defendant's biometric system was used for employee identification, authentication, and to track Plaintiffs' time worked.

23. Defendant's time clock system used, collected, stored or otherwise obtained a scan of Plaintiff's fingerprint or hand geometry for purposes of time tracking and employee authentication.

24. Alternatively, Defendant's time clock system used, collected, stored or otherwise obtained an encrypted mathematical representation of each Plaintiff's specific fingerprint's or hand geometry's characteristics for purposes of time tracking and employee authentication.

25. In either event, Defendant's timekeeping system used, collected, and/or stored unique "biometric identifiers" and/or "biometric information," as both terms are defined below, belonging to each Plaintiff.

26. On information and belief, Defendant disclosed, redisclosed, or otherwise disseminated the Plaintiffs' unique "biometric identifiers" or "biometric information" to at least one third-party for purposes of utilizing its payroll management services.

27. The Defendant failed to inform Plaintiffs of the specific limited purposes for which the Defendant collected, stored, or used their biometric identifier or biometric information.

28. Defendant never informed Plaintiffs of the specific length of time for which Defendant would use or retain their "biometric identifier" or "biometric information."

29. Plaintiffs never signed a written release allowing Defendant to collect, capture, or otherwise obtain their biometric information.

30. On information and belief, the Defendant did not have a data retention and destruction policy at any time during which it was collecting, capturing, or otherwise obtaining Plaintiffs' "biometric information."

31. BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity: (1) informs that person in writing that identifiers and information will be collected and/or stored;

4

(2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for the collection of that data; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b).

32. For BIPA purposes, a "biometric identifier" is a personal feature that is unique to an individual and specifically includes fingerprints. 740 ILCS § 14/10.

33. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based upon an individual's biometric identifier used to identify the individual." *Id*.

34. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

35. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an identifier that is used to identify an individual. *See id*.

36. Plaintiffs were continuously and repeatedly exposed to the risks and harmful conditions created by the Defendant's repeated violations of the BIPA alleged herein.

37. Plaintiffs seek an award of liquidated damages due to the difficulty in quantifying their harm.

## COUNT I

### Violation of § 15(a) of BIPA
### [Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule]

38. Plaintiffs restate paragraphs 1 through 37 of the complaint as if set out here in full.

39. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention - and, importantly, deletion - policy. Specifically,

5

these companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 15(a).

40. Defendant failed to comply with these BIPA mandates.

41. Defendant is a non-governmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

42. Plaintiffs are each an individual who had "biometric identifiers" (in the form of fingerprints or hand geometry) collected by Defendant. *See* 740 ILCS § 14/10.

43. Plaintiffs' biometric identifiers were used to identify them and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

44. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 15(a).

45. Defendant failed to make any written policy establishing a retention schedule and guidelines for permanent deletion of biometric data publicly available.

46. Defendant failed to delete Plaintiffs' biometric data when Plaintiffs ceased working for Defendant, which is when Defendant's purpose for retaining that data ceased.

47. Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs' biometric data when the purpose for collecting or obtaining such data has been satisfied.

48. Defendant did not have a retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA when it collected Plaintiffs' "biometric information." *See* 740 ILCS § 15(a).

49. Plaintiffs have never seen, been able to access, or been informed of any publicly available biometric data retention policy or guidelines developed by Defendant, nor have they ever seen, been able to access, or been informed of whether Defendant would ever permanently delete their biometric data.

50. Defendant knew, or was reckless in not knowing, that the biometric-enabled time clock system it used would be subject to the provisions of BIPA, a law in effect since 2008, yet has completely failed to comply with Section 15(a) of BIPA, or otherwise intentionally oitsr recklessly failed to comply with Section 15(a) of BIPA.

51. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(a) of BIPA.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court provide each Plaintiff with the following relief:

a. Declaring that Defendant violated Section 15(a) of BIPA;

b. Requiring Defendant to comply with BIPA's requirements for the collection, storage, use, and dissemination of biometric identifiers and biometric information as described herein;

c. Requiring Defendant to destroy biometric identifiers or biometric information pursuant to and in compliance with Section 15(a) of BIPA;

d. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

e. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2);

f. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

g. Enjoining Defendant from further violations of Section 15(a) of BIPA.

## COUNT II

**Violation of § 15(b) of BIPA**
**[Failure to Obtain Informed Written Consent and Release**
**Before Obtaining Biometric Identifiers or Information]**

52. Plaintiffs restate paragraphs 1 through 37 of the Complaint as if set out here in full.

53. BIPA requires companies to obtain informed written consent from its workers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

54. "A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time an entity scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection." *Cothron v. White Castle System, Inc.*, 2023 IL 128004 ¶ 24 (internal citation omitted).

55. Informed consent is the "heart of BIPA.*" Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

56. Defendant failed to comply with these BIPA mandates.

57. Defendant is a non-governmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

58. Plaintiffs are each an individual who had "biometric identifiers" (in the form of fingerprints or hand geometry) collected by Defendant. *See* 740 ILCS § 14/10.

8

59. Plaintiffs' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

60. Defendant collected, captured or otherwise obtained Plaintiffs' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

61. Defendant never informed Plaintiffs in writing that their biometric identifier or biometric information was being collected or stored by the Defendant, or of the specific length of term for which their biometric identifiers and/or biometric information were being collected, stored or used by Defendant before collecting, storing or using that data as required by 740 ILCS § 14/15(b)(1)-(2).

62. Prior to collecting Plaintiffs' biometric identifiers and information, Defendant never obtained a written release authorizing such collection by Defendant. 740 ILCS § 14/15(b)(3).

63. By collecting, capturing, and otherwise obtaining Plaintiffs' biometric identifiers or information as described herein, Defendant violated Plaintiffs' privacy in their biometric identifiers and information as set forth in BIPA *each time* the Defendant collected, captured, obtained, stored or used Plaintiffs' biometric identifiers or information. *See* 740 ILCS § 14/1, *et seq.*; *Cothron v. White Castle System, Inc.*, 2023 IL 128004 ¶ 24. "[T]he plain language of section 15(b) and 15(d) demonstrates that such violations occur with every scan or transmission." *Id.* At ¶

64. Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with Section 15(b) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

65. Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(b) of BIPA.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court provide each Plaintiff with the following relief:

a. Declaring that Defendant violated Section 15(b) of BIPA;

b. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);

c. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2);

d. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e. Enjoining Defendant from further violations of Section 15(b) of BIPA.

## COUNT III

### Violation of § 15(d) of BIPA
### [Disclosure of Biometric Identifiers or Information Without Obtaining Consent]

66. Plaintiffs restate paragraphs 1 through 37 of the complaint as if set out here in full.

67. BIPA prohibits private entities from disclosing, redisclosing or otherwise disseminating a person's or customer's biometric identifier or biometric information without obtaining consent for that disclosure, redisclosure or dissemination, with limited exceptions, none of which are appliable here. 740 ILCS § 14/15(d).

68. Defendant failed to comply with this BIPA mandate.

69. Defendant is a non-governmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

70. Plaintiffs are each an individual who had "biometric identifiers" (in the form of fingerprints) collected by Defendant, as explained in detail above. *See* 740 ILCS § 14/10.

71. The Plaintiffs' biometric identifiers, and all data derived from them, including any mathematical representations of the biometric identifiers, were used to identify them, and therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

72. On information and belief, Defendant systematically and automatically collected, captured, or otherwise disseminated each Plaintiff's biometric identifiers and/or biometric information to at least one third-party payroll vendor without obtaining the consent required by 740 ILCS § 14/15(d)(1).

73. By utilizing a biometric timekeeping system (time clock and timekeeping databases), Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated biometric identifiers or biometric information of Plaintiffs to at least its payroll or biometric time clock vendor without first obtaining the Plaintiffs' consent required by 740 ILCS § 14/15(d)(1).

74. By disclosing, redisclosing, or otherwise disseminating Plaintiffs' biometric identifiers and/or biometric information without his consent as described herein, Defendant violated BIPA *each time* there was a disclosure, redisclosure or dissemination of the Plaintiffs' biometric identifiers in violation of Plaintiffs' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

75. Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with the statute, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

76. Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(d) of BIPA.

77. "[T]he plain language of section 15(d) supports the conclusion that a claim accrues upon each transmission of a person's biometric identifier or information without prior informed consent." *White Castle System, Inc.*, 2023 IL 128004 at ¶ 29.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court provide each Plaintiff with the following relief:

a. Declaring that Defendant violated Section 15(d) of BIPA;

b. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

c. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2);

d. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e. Enjoining Defendant from further violations of Section 15(d) of BIPA.

## JURY DEMAND

Plaintiffs hereby respectfully demand a trial by jury.

*Respectfully submitted,*

**Frederick Giles, Marcus Jones, and Craig Riddle**

*/s/ Majdi Hijazin*

Majdi Hijazin
Adam J. Feuer
Samuel Eirinberg
DC LAW, PLLC
140 South Dearborn Street
Suite 1610
(872) 804-3400
majdi@teamjustice.com
adam@teamjustice.com
sam@teamjustice.com

Nick Wooten
DC LAW, PLLC
1012 West Anderson Lane

12

Austin, Texas 78757
(512) 220-1800
nick@texasjustice.com
*Lead Trial Attorney*

*Counsel for Plaintiffs*